UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | | |
|---|---|---|
| JANET L. SEI, | ) | |
| | ) | |
| Plaintiff and | ) | |
| Counterclaim Defendant, | ) | Case No.04-CV-6446 |
| | ) | |
| vs. | ) | Judge Blanche M. Manning |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant and | ) | |
| Counterclaim Plaintiff | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant and | ) | |
| Counterclaim Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| KEITH A. SEI, | ) | |
| | ) | |
| Counterclaim Defendant | ) | |

**UNITED STATES' ANSWER TO PLAINTIFF'S COMPLAINT TO
QUIET TITLE AND UNITED STATES' COUNTERCLAIM**

**ANSWER**

Defendant, United States of America, by its Attorney Patrick J. Fitzgerald, United States

Attorney for the Northern District of Illinois, denies each and every allegation that is not

specifically admitted below and otherwise submits the following answer to Plaintiff's Complaint

to Quiet Title:

      1.     The property (herein "the Property") in question is commonly known as

1309 Montclaire Place, Schaumburg, Illinois and legally described as

follows:

LOT 169 IN PARK ST. CLAIRE UNIT 2, BEING A SUBDIVISION IN
THE SOUTHWEST ¼ OF SECTION 13 THE NORTHEAST ¼ OF
SECTION 23 AND THE NORTHWEST ¼ OF SECTION 24, ALL IN
TOWNSHIP 41 NORTH, RANGE 10 EAST OF THE THIRD
PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF
RECORDED NOVEMBER 15, 1991 AS DOCUMENT NUMBER
91603720 IN COOK COUNTY, ILLINOIS. (Attached as Exhibit "A"
is a copy of the title commitment issued by Professional National Title
Network on June 10, 2003).

**ANSWER:    Admits.**

THE PLAINTIFF

2.    The Plaintiff, Janet Sei, is an individual who at all times relevant to this

action was a resident of Cook County, Illinois.

ANSWER:    **Admits that the Plaintiff, Janet A. Sei, is an individual; the United**

**States presently lacks information and knowledge sufficient to form a belief as to the truth**

**of the remaining allegations in paragraph 2.**

3.    Janet Sei was married to Keith Sei on December 1, 1984.

**ANSWER:    Admits.**

4.    On or about November 6, 2001 Janet Sei filed an action for dissolution of

marriage against Keith Sei and Judgment of Dissolution of Marriage was

entered in March 2003.  (Attached as Exhibit "B" is a copy of the

Judgment of Dissolution).

2

**ANSWER:    Admits.**

## THE PROPERTY

5.      On or about September 2001 Keith Sei moved out of the couple's Marital

Residence in South Barrington, Illinois and they purchased the Property

for $535,000.00.  Unknown to the Plaintiff, Janet Sei, the deed purported

to put the property in the name of Keith Sei and Janet Sei as tenants by the

entireties.

**ANSWER:    The United States presently lacks information and knowledge
sufficient to form a belief as to the truth of the allegations in paragraph 5.**


6.      Janet Sei never had any intention of living in the Property as a marital

residence and in fact never did live on the Property at any time with her

ex-husband, Keith Sei.

**ANSWER:    The United States presently lacks information and knowledge
sufficient to form a belief as to the truth of the allegations in paragraph 6.**


7.      In early 2002 the Marital Residence in South Barrington was sold, and the

proceeds were used to pay off the mortgage on the Property.  Keith Sei

moved out of the Property prior to the Plaintiff moving in to the Property.

Janet Sei and the couple's children moved into the property.  At no time

did Janet Sei ever reside on the property at the same time as Keith Sei.  At

3

no time did Janet Sei have any intention of residing in the Property with

Keith Sei.

**ANSWER:** **The United States presently lacks information and knowledge**
**sufficient to form a belief as to the truth of the allegations in paragraph 7.**

8.      On or about May 3, 2002 upon the demand that Keith Sei be provided his

        50% share of the Property, a mortgage was placed on the Property in the

        amount of $285,000.00 and Keith Sei was paid $270,000.00 from the

        mortgage. (Listed as Item 2 of Schedule B of the Title Commitment

        attached hereto as Exhibit "A").

**ANSWER:** **Admits that a mortgage dated May 3, 2002 and recorded May 15,**
**2002 was executed by Keith A. Sei and Janet L. Sei, husband and wife, and given to**
**Ameriquest Mortgage Company to secure a note in the amount of $285,000; the United**
**States presently lacks information and knowledge sufficient to form a belief as to the truth**
**of the remaining allegations in paragraph 8.**

THE TAX ASSESSMENT

9.      During the marriage, Keith Sei founded four businesses, Midwest Surgical

        Assistants, Inc., The National Surgical Billing Association, Inc., Midwest

        Surgical Assistants Northeast Region, Inc., and, Midwest Surgical

        Assistants Mid America Region, Inc.

4

**ANSWER:** **The United States presently lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9.**

10.     Starting in or about 1998, Keith Sei failed to pay employee withholding taxes from the businesses.

**ANSWER:** **The United States presently lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10.**

11.     The Internal Revenue Service assessed penalties against Keith Sei for failure to pay employee tax withholding and on May 29, 2002, June 7, 2002, July 29, 2002 and February 11, 2003, the Internal Revenue Service filed Notices of Federal Tax Liens against Keith Sei with the Recorder of Deeds in Cook, County, Illinois.  (Attached as Exhibit "C" are copies of the Notices of Federal Tax Liens recorded with the Cook County Recorder of Deeds against Keith Sei).  The Notice of Federal Tax liens were assessed against Keith Sei; 11 Westlake Drive; South Barrington, IL 60010 and issued by the Small Business/Self Employed Area #7 Telephone Number 312-566-2855 by IRS Agent S.J.. Hausner (847-303-3093) 860 East Algonquin Rd. Suite 101, Schaumberg, Illinois 60173.

**ANSWER:** **Admits, except avers that the notices of federal tax liens set forth various addresses for Keith A. Sei and denies that notices of federal tax lien were "assessed" against Keith Sei.**

5

12.     The Internal Revenue Service assessed penalties against Janet Sei for

failure to pay employee tax withholding and on May 29, 2002, June 7,

2002, July 29, 2002 and February 11, 2003, the Internal Revenue Service

filed Notices of Federal Tax Liens against Janet Sei. (Attached as Exhibit

"D" are copies of the Notices of Federal Tax Liens recorded with the

Cook County Recorder of Deeds against Janet Sei).

**ANSWER:    Admits.**


13.     On July 31, 2003 and November 13, 2003, the Internal Revenue Service

reversed its decision concerning Janet Sei and abated the assessments

against Janet Sei and issued its Releases of Federal Tax Liens against her.

(Attached as Exhibit "E" are copies of the Releases).

**ANSWER: Admits.**


14.     On August 4, 2003, the property was sold for $565,000.00, the net

proceeds of which were held by Professional National Title Network, Inc.

(PNTN) pending the resolution of the IRS liens (Attached as Exhibit "F"

is a copy of the Settlement Statement issued by PNTN on August 4, 2003,

the date of the closing)

**ANSWER:    The United States presently lacks information and knowledge**

**sufficient to form a belief as to the truth of the allegations in paragraph 14.**

15.     After the Internal Revenue Service abated the penalties against the

Plaintiff, Janet Sei, and released the liens against Janet Sei, PNTN released

to Janet Sei, $113,001.40, being 50% of the net proceeds held in escrow

by PNTN.

**ANSWER:     The United States presently lacks information and knowledge
sufficient to form a belief as to the truth of the allegations in paragraph 15.**


## ILLINOIS LAW

18.     Under 765 ILCS § 1005/1c requires that to have an effective tenancy by

the entireties created the property must be "maintained or intended to be

maintained as a homestead by both husband and wife." Because it was not

maintained or ever intended to be maintained as a homestead by both

husband and wife no tenancy by entireties was created.

**ANSWER:[1]     Admits that 765 ILCS § 1005/1c provides, inter alia, that whenever
property is transferred and thereafter "maintained or intended for maintenance as a
homestead by both husband and wife" then "the estate created shall be deemed to be in
tenancy by the entirety"; the United States presently lacks information and knowledge
sufficient to form a belief as to the truth of the remaining allegations in paragraph 18.**


16.     Under 765 ILCS § 1005/1 provides that any estate not created as a joint

---

[1]The United States notes that paragraph 18 of the Complaint immediately follows
paragraph 15 of the Complaint and the United States uses the same numbering as the Complaint.

tenancy shall be tenants in common. No joint tenancy was created.

Therefore, the Property was held by the parties as tenants-in-common.

**ANSWER:** **Admits that 765 ILCS § 1005/1 provides as follows:**

> **No estate in joint tenancy in any lands, tenements or**
> **hereditaments, or in any parts thereof or interest therein, shall**
> **be held or claimed under any grant, legacy or conveyance**
> **whatsoever heretofore or hereafter made, other than to**
> **executors and trustees, unless the premises therein mentioned**
> **shall expressly be thereby declared to pass not in tenancy in**
> **common but in joint tenancy; and every such estate other than**
> **to executors and trustees (unless otherwise expressly declared**
> **as aforesaid, or unless, as to a devise or conveyance of**
> **homestead property, expressly declared to pass to a husband**
> **and wife as tenants by the entirety in the manner provided by**
> **Section 1c), shall be deemed to be in tenancy in common and**
> **all conveyances heretofore made, or which hereafter may be**
> **made, wherein the premises therein mentioned were or shall be**
> **expressly declared to pass not in tenancy in common but in**
> **joint tenancy, are hereby declared to have created an estate in**
> **joint tenancy with the accompanying right of survivorship the**
> **same as it existed prior to the passage of "An Act to amend**
> **Section 1 of an Act entitled: "An Act to revise the law in**
> **relation to joint rights and obligations,' approved February 25,**
> **1874, in force July 1, 1874," approved June 26, 1917.**

**The United States presently lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 16.**

17.     The Decree for Dissolution of Marriage provides that the Property is the

sole property of Janet Sei.

**ANSWER:** **Admits that paragraph 10(b) of the Judgment of Dissolution of Marriage provides, inter alia, that:**

> **Title to Petitioner's home, located at 1309 Mont Clare Place,**

8

Schaumburg, Illinois, is presently held jointly by the parties. Upon entry of this Judgment, Respondent shall deliver to Petitioner a properly executed quit claim deed, in form satisfactory to Petitioner, conveying to Petitioner all of Respondent's interest, if any, in the title to Petitioner's home.

The United States presently lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 17.

## COUNTERCLAIM

Defendant, United States of America, by its Attorney Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, pursuant to the provisions of 26 U.S.C. §§ 7401 and 7403, with the authorization of the Secretary of the Treasury and at the direction of the Attorney General of the United States, and pursuant to Rule 13 of the Federal Rules of Civil Procedure, brings this counterclaim against the plaintiff, Janet L. Sei and this counterclaim against the additional defendant on the counterclaim, Keith A. Sei, to reduce to judgment certain unpaid federal tax assessments against Keith A. Sei and to foreclose federal tax liens in an escrow account hereinafter described. In support thereof, the United States alleges as follows:

### Jurisdiction, Parties, and Venue

1.  Jurisdiction over this counterclaim is conferred upon this Court under 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7403.

2.  Upon information and belief, Keith A. Sei resides at 2720 South Highland Avenue, Apt. #507, Lombard, IL 60148, within the jurisdiction of the Court.

3.  Janet L. Sei is named as a counterclaim defendant because she claims an interest in the

9

escrow account hereinafter described upon which the United States seeks to foreclose federal tax liens.

4.  Pursuant to 26 U.S.C. § 6672, a delegate of the Secretary of the Treasury made an assessment against Keith A. Sei, as a responsible person of Midwest Surgical Assistants, Inc., The National Surgical Billing Association, Inc., Midwest Surgical Assistants Northeast Region, Inc., and Midwest Surgical Assistants Mid America Region, Inc., who willfully failed to collect, or truthfully account for and pay over income and Federal Insurance Contributions Act taxes withheld from the wages of the employees of those business. Notices of the assessments and demands for payment of the amounts due were given to Keith A. Sei on, or about, the date of each assessment. In addition, a delegate of the Secretary of the Treasury filed Notices of Federal Tax Liens with the Recorder of Deeds for Cook County in Chicago, Illinois. Information regarding the assessments and notices of federal tax liens are set forth below:

| Tax Period Ending | Assessment Date | Notice of Federal Tax Lien Filed | Assessed Balance, including interest accrued to 10/29/04 |
|---|---|---|---|
| 3/31/00 | 5/14/02 | 6/7/02 | $0 |
| 9/30/00 | 5/14/02 | 7/29/02 | $57,237 |
| 12/31/00 | 5/13/02 | 5/29/02 | $239,741 |
| 3/31/01 | 5/13/02 | 5/29/02 | $275,423 |
| 6/30/01 | 5/13/02 | 5/29/02 | $281,266 |
| 9/30/01 | 5/13/02 | 5/29/02 | $344,763 |
| 12/31/01 | 5/14/02 | 6/7/02 | $55,194 |
| 3/31/02 | 12/9/02 | 2/11/03 | $12,438 |

5.    Despite said notice and demand for payment, Keith A. Sei has failed, refused, or

neglected to pay the amount of the assessments in full, and as of October 29, 2004, there

remains due and owing to the United States from Keith A. Sei the sum of $1,266,062,

plus statutory interest and additions as provided by law for the liabilities listed in

paragraph 4 of this counterclaim.

6.    Pursuant to 26 U.S.C. §§ 6321 and 6322, on May 13, 2002, May 14, 2002, and

December 9, 2002, the dates of assessment set forth in paragraph 4 of this counterclaim,

federal tax liens arose in favor of the United States upon all property and rights to

property belonging to Keith A. Sei, including his interest in certain property ("Property")

located at 1309 Montclaire Place, Schaumburg, Illinois and legally described as follows:

> LOT 169 IN PARK ST. CLAIRE UNIT 2, BEING A SUBDIVISION IN
> THE SOUTHWEST ¼ OF SECTION 13 THE NORTHEAST ¼ OF
> SECTION 23 AND THE NORTHWEST ¼ OF SECTION 24, ALL IN
> TOWNSHIP 41 NORTH, RANGE 10 EAST OF THE THIRD
> PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF
> RECORDED NOVEMBER 15, 1991 AS DOCUMENT NUMBER
> 91603720 IN COOK COUNTY, ILLINOIS.

7.    On August 4, 2003, the Property was sold for $565,000.

8.    Upon information and belief, Professional National Title Network, Inc., holds an escrow

account containing $113,001.40, which represents 50% of the net proceeds of the August

4, 2003 sale of the Property, the share of the net proceeds due to Keith A. Sei.

11

**WHEREFORE**, the United States prays this court to:

A.  Enter judgment in favor of the United States and against Keith A. Sei in the amount of $1,266,062, plus statutory additions and interest as provided by law from October 29, 2004.

B.  Determine and adjudge that the United States has valid and subsisting federal tax liens on all property and rights to property belonging to Keith A. Sei, including his share of the net proceeds from the sale of the Property.

C.  Order that the federal tax liens on the proceeds from the sale of the Property be foreclosed, and that Keith A. Sei's share of the net proceeds of the sale be distributed to the United States toward satisfaction of assessments made against Keith A. Sei under 26 U.S.C. § 6672, and to such other parties in such amounts as this Court determines; and

D.  Award the United States its costs and such further relief as the Court deems just and proper.

> Respectfully submitted,
>
> PATRICK J. FITZGERALD
> United States Attorney
>
> JOEL R. NATHAN
> Assistant United States Attorney
>
> *Heather L. Richtarcsik*
> HEATHER L. RICHTARCSIK
> Trial Attorney, Tax Division
> U.S. Department of Justice
> P.O. Box 55
> Ben Franklin Station
> Washington, D.C. 20044
> Telephone: (202) 307-2822
> Facsimile: (202) 514-5238
> E-mail: Heather.L.Richtarcsik@usdoj.gov

12

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing **UNITED STATES'**

**ANSWER TO PLAINTIFF'S COMPLAINT TO QUIET TITLE AND UNITED STATES'**

**COUNTERCLAIM** has been made upon the following by depositing a copy in the United States

mail, postage prepaid, this 5th day of November, 2004:

PAUL D. WEATHERHEAD
Fernholz & Ehrlich
10 S. LaSalle Street
Suite 3450
Chicago, Illinois 60603

HEATHER L. RICHTARCSIK
Trial Attorney, Tax Division
U.S. Department of Justice
P.O.Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-2822
Facsimile: (202) 514-5238
E-mail: Heather.L.Richtarcsik@usdoj.gov