UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANET L. SEI, | ) | |
| | ) | |
| Plaintiff and | ) | |
| Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | Case No. 04-CV-06446 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Hon. Blanche M. Manning |
| | ) | |
| Defendant and | ) | |
| Counterclaim Plaintiff | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant and | ) | |
| Counterclaim Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KEITH A. SEI, | ) | |
| | ) | |
| Counterclaim Defendant | ) | |
| | ) | |

FILED

JUN 15 2005

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

## UNITED STATES' MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR ENTRY OF JUDGMENT BY DEFAULT AGAINST KEITH A. SEI AND FOR SUMMARY JUDGMENT AGAINST JANET L. SEI

### INTRODUCTION

Plaintiff, Janet L. Sei, in this action to quiet title, prays that the Court declare that federal tax liens upon the property and rights to property of her now-former husband, Keith A. Sei, did not attach to her former home located at 1309 Montclaire Place in Schaumburg, Illinois (the "Property"). Plaintiff has already received half of the net proceeds from the sale of the Property, and now seeks the rest, presently held in escrow.

ISSUES PRESENTED

Whether the Court should deny the relief requested in the complaint of the Plaintiff, Janet L. Sei, that certain federal tax liens do not attach to the Property at issue in the instant case and whether the Court should grant the relief requested in the United States' counterclaim, specifically that (1) Keith A. Sei is indebted to the United States in the amount of $1,306,144.78, as of June 1, 2005, plus statutory additions and interest as provided by law from June 1, 2005 with respect to certain unpaid federal employment tax liabilities; (2) the United States has valid and subsisting federal tax liens on all property and rights to property belonging to Keith A. Sei, including his share of the net proceeds from the sale of the Property; and (3) the federal tax liens from the sale of the Property be foreclosed, and that Keith A. Sei's share of the net proceeds of the sale be distributed to the United States toward satisfaction of assessments made against Keith A. Sei under 26 U.S.C. § 6672.

DEFAULT JUDGMENT AGAINST KEITH A. SEI IS APPROPRIATE IN THIS CASE

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, on May 13, 2005, the United States moved the Court for an Entry of Default against Keith A. Sei based upon his failure to plead or otherwise defend in this matter. Rule 55(b) of the Federal Rules of Civil Procedure provides that a judgment by default may be entered when the claim is for a sum certain and an affidavit of the amount due is submitted if the party against whom default has been entered for failure to appear is not an infant or incompetent person. The Affidavit of Debt of Marilyn Ganser, Revenue Officer Advisor in the Technical Services section of the Internal Revenue Service, with respect to the amounts due from Keith A. Sei is being submitted

2

to the Court with the Joint Statement of Material Facts as to Which the United States and Janet L. Sei Contend There is No Genuine Issue, as Government Exhibit 1 (Gov. Ex. 1).

<u>SUMMARY JUDGMENT AGAINST JANET L. SEI IS APPROPRIATE IN THIS CASE</u>

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Summary judgment is warranted where, "after adequate time for discovery . . . [the nonmoving party] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). Although the movant initially bears the burden of showing that there are no genuine issues of material fact, once such a showing is made, the party opposing a properly supported motion must "set forth specific facts showing that there is a genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986). Only "facts that might affect the outcome of the suit under the governing law" qualify as material facts. <u>Anderson</u>, 477 U.S. at 248. <u>See</u> <u>also</u> <u>First Ind. Bank v. Baker</u>, 957 F.2d 506, 507-508 (7th Cir. 1992). Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute. <u>See</u> <u>Anderson</u>, 477 U.S. at 248. The issue of fact must be genuine. <u>See</u> Fed.R.Civ.P. 56(c), (e). An issue is not genuine if it is unsupported by evidence, or if it is created by evidence that is "merely colorable" or is "not significantly probative." <u>See</u> <u>Anderson</u>, 477 U.S. at 249-251. Similarly, a fact is not material unless it is identified by the controlling substantive law as an essential element of the nonmoving party's case. <u>See</u> <u>National Soffit & Escutcheons v. Superior Systems</u>, 98 F.3d 262, 265 (7th Cir. 1996).

In order to establish a genuine issue of fact, the party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the material facts," but must come forward with "specific facts showing that there is a genuine issue for trial." Matsushita Electric Industry Corp., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1985). Absent such a showing, summary judgment is appropriate. See Celotex Corp. 477 U.S. at 323. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Chiaramonte v. Fashion Bed Group, Inc., 129 F.3d 391, 393 (7th Cir. 1997), cert. denied, 523 U.S. 1118 (1998). "The days are gone, if they ever existed, when the nonmoving party could sit back and simply poke holes in the moving party's summary judgment motion." Fitzpatrick v. Catholic Bishop of Chicago, 916 F.2d 1254, 1256 (7th Cir.1990); see also Schacht v. Wisconsin Dep't of Corr., 175 F.3d 497, 504 (7th Cir.1999) (indicating that summary judgment "is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events").

## FACTS

The facts are set forth in detail in the Joint Statement of Material Facts as to Which the United States and Janet L. Sei Contend There is No Genuine Issue (Joint Stmt. of Facts ¶).

4

<u>ARGUMENT</u>

## I. THE UNITED STATES IS ENTITLED TO RECOVER THE NET PROCEEDS THAT REMAIN FROM THE SALE OF THE PROPERTY BECAUSE FEDERAL TAX LIENS ATTACHED TO KEITH A. SEI'S SHARE OF THE PROPERTY BEFORE THE PROPERTY WAS SOLD

Section 6321 of the Internal Revenue Code provides that if any person liable to pay any tax neglects or refuses to pay after demand, the amount of the tax "shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. Section 6322 of the Code provides that the lien imposed by section 6321 arises upon the assessment of the tax and continues "until the liability . . . is satisfied or becomes unenforceable by reason of lapse of time." 26 U.S.C. § 6322. By virtue of assessments, notice, and demand, federal tax liens arose by operation of law on May 13, 2002, May 14, 2002, and December 9, 2003, the dates of the assessment of the employment taxes, as set forth in the Joint Statement of Material Facts, ¶14, against Keith A. Sei pursuant to I.R.C. §§ 6321 and 6322. Those federal tax liens attached to all property and rights to property belonging to Keith A. Sei, including to Keith A. Sei's one half interest in the Property. When the Property was sold, the federal tax liens attached to his one half interest in the net proceeds from the sale of the Property. See Municipal Trust and Savings Bank v. United States, 114 F.3d 99, 101 (7th Cir. 1997) ("lien for taxes attaches to 'all property and rights to property, whether real or personal, belonging to' the taxpayer. 26 U.S.C. § 6321 . . . . And although the statute refers to property 'belonging to' the taxpayer, it was established long ago that the lien follows any property substituted for what the taxpayer owned, provided that the chain of substitution can be traced"). See also United States v. Bess, 357 U.S. 51, 57 (1958) ("[t]he transfer of property subsequent to the attachment of the lien does not affect the lien, for 'it is of the very nature and essence of a

5

lien, that no matter into whose hands the property goes, it passes cum onere' . . . ." (citations omitted)). Therefore, the Court should determine that (1) Keith A. Sei is indebted to the United States in the amount of $1,306,144.78, as of June 1, 2005, plus statutory additions and interest as provided by law from June 1, 2005 with respect to certain unpaid federal employment tax liabilities, as set forth in Gov. Ex. 1, (2) the United States has valid and subsisting federal tax liens on all property and rights to property belonging to Keith A. Sei, including his share of the net proceeds from the sale of the Property; and (3) the federal tax liens from the sale of the Property be foreclosed, and that Keith A. Sei's share of the net proceeds of the sale be distributed to the United States toward satisfaction of assessments made against Keith A. Sei under 26 U.S.C. § 6672.

II.    JANET L. SEI HAS NO VALID LEGAL INTEREST IN THE NET PROCEEDS THAT REMAIN FROM THE SALE OF THE PROPERTY

A.    WHETHER THE PROPERTY IS HELD IN A TENANCY-BY-THE-ENTIRITIES OR IN A TENANCY IN COMMON HAS NO EFFECT ON THE ATTACHMENT OF THE FEDERAL TAX LIENS

Plaintiff may claim that she is entitled to the net proceeds from the sale of the Property because, under Illinois law, despite the wording of the deed and all other relevant documents in this matter, she and Keith A. Sei never held the Property as tenants-by-the-entireties, but rather held it as tenants in common. Complaint ¶¶ 18 and 16. Even assuming that Keith A. Sei and Janet L. Sei never owned the Property as tenants-by-the-entireties, it is irrelevant because whether the Property was held as tenants in common or as tenants-by-the-entireties has no impact on the attachment of the federal tax lien. That is because Keith A. Sei is documented as one of the title holders of the Property (Joint Stmt. of Facts, ¶8) and 26 U.S.C. §

6

6321 provides that after assessment, notice, and demand, the amount of federal tax due shall be a lien upon on all property and rights to property of the person assessed. "The statutory language authorizing the tax lien 'is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have.'" United States v. Nat'l Bank of Commerce, 472 U.S. 713, 719-20 (1985). "Stronger language could hardly have been selected to reveal a purpose to assure the collection of taxes." Glass City Bank v. United States, 326 U.S. 265 (1945); United States v. Craft, 535 U.S. 274, 283 (2002). The breadth of the federal tax lien statute was made clear in Craft, where the Supreme Court held that a federal tax lien for a husband's back taxes attached to property held as a tenancy by the entirety, even though the husband's personal creditors could not reach the property under state law. Here, the property and rights to property referred to in 26 U.S.C. § 6321 includes the Property at issue in the instant case. Moreover, even if Janet L. Sei never intended to hold the Property in a tenancy-by-the-entireties, in Illinois, absent ambiguity in the deed, the intention of the parties must be ascertained from the deed and extrinsic factors will not be considered. See Marlow v. Malone, 315 Ill. App. 3d 807, 818 (2000); Schwarm v. Mexia Holdings, L.P., 308 Ill. App. 3d 587, 590 (1999); Travelers Indem. Co. v. Engel, 892 F. Supp. 206, 207 (N.D. Ill. 1995). In the instant case, the deed to the Property named Keith A. Sei and Janet L. Sei as tenants-by-the-entireties. (Joint Stmt. of Facts, ¶8) It is significant to note that in United States v. Craft, the Supreme Court stated that "tenancies by the entirety cannot easily be severed unilaterally," and "typically, severance requires the consent of both spouses, or the ending of the marriage in divorce." 535 U.S. 274, 281 (2002). Therefore, even if Janet L. Sei attempted to sever the

7

tenancy by the entirety in which she held the Property with her husband, and there is no evidence to suggest that she did, she could not have been successful.

**B.    THE JUDGEMENT OF DISSOLUTION OF MARRIAGE WITH RESPECT TO THE MARRIAGE OF KEITH A. SEI AND JANET L. SEI HAS NO EFFECT ON PREVIOUSLY FILED FEDERAL TAX LIENS**

Plaintiff may claim that she is entitled to the net proceeds from the sale of the Property because"[t]he Decree for Dissolution of Marriage provides that the Property is the sole property of Janet Sei." Complaint ¶17. In fact, however, paragraph 10(b) of the Judgment of Dissolution of Marriage, does not provide that the Property is the sole Property of Janet L. Sei. It says that the Property is held by Janet L. Sei and Keith A. Sei jointly, and orders Keith A. Sei to execute a quit claim deed provided that Plaintiff pays the expenses of the conveyance. (Joint Stmt. of Facts ¶¶16, 17) However, the quit claim deed that was contemplated by the Judgment of Dissolution of Marriage with respect to the marriage of Keith A. Sei and Janet L. Sei was never executed by Keith A. Sei in favor of Janet L. Sei, and/or recorded by Janet L. Sei or any other person and no other deed, quit claim or other, relating to the Property was executed by Keith A. Sei in favor of Janet L. Sei and/or recorded by Janet L. Sei or any other person. (Joint Stmt. of Facts, ¶13). Even if, as Plaintiff alleges in the Complaint, ¶17, the 2003 Judgment of Dissolution of Marriage granted her the Property, a property interest created by a Judgment of Dissolution of Marriage is not one of the interests identified in 26 U.S.C. § 6323(b) which can defeat a federal tax lien, notice of which has been previously filed. Therefore, no provisions of the Judgment of Dissolution of Marriage further Plaintiff's claim in the instant case that the federal tax liens filed against Keith A. Sei do not attach to the net proceeds from the sale of the Property.

8

C.    JANET L. SEI DID NOT PURCHASE KEITH A. SEI'S INTEREST IN THE PROPERTY

Plaintiff may claim that she is entitled to the net proceeds from the sale of the Property because "[o]n or about May 3, 2002 upon the demand that Keith Sei be provided his 50% share of the Property, a mortgage was placed on the Property in the amount of $285,000.00 and Keith Sei was paid $270,000.00 from the mortgage." Complaint ¶8. The meaning of this allegation is vague. Plaintiff attaches the Title Commitment as Exhibit A to the Complaint. The Title Commitment makes clear that the Plaintiff and Keith A. Sei, who were still married at the time, took out the mortgage in both their names as tenants-by-the-entireties. (Joint Stmt. of Facts, ¶12) It may be that Plaintiff is attempting to give the impression that she purchased her husband's interest in the Property. However, the Illinois Statute of Frauds, 740 ILCS 80/2, provides, inter alia, that all sales of lands must be reflected in a writing. In the instant case, no document or documents exist reflecting that Janet L. Sei bought Keith A. Sei's interest in the Property. (Joint Stmt. of Facts, ¶13). Moreover, the Judgment of Dissolution of Marriage states that "[t]itle to Petitioner's home, located at 1309 Mont Clare Place, Schaumburg, Illinois, is presently held jointly by the parties." (Joint Stmt. of Facts, ¶16) Also, the Settlement Statement, annexed as Exhibit F to the Complaint, which describes the August 4, 2003, sale of the Property referred to below, lists the sellers as Keith A. Sei and Janet L. Sei. (Joint Stmt. of Facts, ¶18).

Plaintiff cites to no part of the Internal Revenue Code, but it may be that Plaintiff is attempting to establish that she is a "purchaser" according to 26 U.S.C. § 6323(h)(6). 26 U.S.C. § 6323(a) mandates that a tax lien under 26 U.S.C. § 6321 shall not be valid against any purchaser until notice thereof has been filed. According to 26 U.S.C. § 6323(h)(6), a

9

"purchaser" is one who, for adequate and full consideration in money or money's worth,

acquires an interest in property which is valid under local law against subsequent purchasers

without actual notice. If Plaintiff is attempting to establish that the purported payment to her

husband for his share of the Property somehow defeats the federal tax liens, her argument

must fail. Even assuming that she did pay her husband $270,000 in exchange for his interest

in the Property prior to the filing of the Notices of Federal Tax Lien, as discussed above, any

purported sale was not recorded. (Joint Stmt. of Facts, ¶13) The Illinois Conveyances Act,

765 ILCS 5/30, provides:

> Effect of recording as to creditors and subsequent
> purchasers:
>
> § 30. All deeds, mortgages and other instruments
> of writing which are authorized to be recorded,
> shall take effect and be in force from and after the
> time of filing the same for record, and not before,
> as to all creditors and subsequent purchasers,
> without notice; and all such deeds and title papers
> shall be adjudged void as to all such creditors and
> subsequent purchasers, without notice, until the
> same shall be filed for record.

Therefore, under Illinois law, any purported transfer of Keith A. Sei's interest to

Plaintiff would be void as to subsequent purchasers because it was not recorded. For this

reason, even if this purported transfer took place, it has no bearing on the Notices of Federal

Tax Lien

10

CONCLUSION

For the reasons and under the law set forth above, both the United States' Motion for Entry of

Judgment by Default Against Keith A. Sei and the United States' Motion for Summary Judgment

Against Janet L. Sei should be granted and the Court should (1) enter a judgment in favor of the

United States and against Keith A. Sei in the amount of $1,306,144.78, as of June 1, 2005,

plus statutory additions and interest as provided by law from June 1, 2005; (2) determine and

adjudge that the United States has valid and subsisting federal tax liens on all property and

rights to property belonging to Keith A. Sei, including his share of the net proceeds from the

sale of the Property; and (3) order that the federal tax liens from the sale of the Property be

foreclosed, and that Keith A. Sei's share of the net proceeds of the sale be distributed to the

11

United States toward satisfaction of assessments made against Keith A. Sei under 26 U.S.C.
§ 6672.

PATRICK J. FITZGERALD
United States Attorney

JOEL R. NATHAN
Assistant United States Attorney

*Heather L. Richtarcsik*

HEATHER L. RICHTARCSIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-2822
Facsimile: (202) 514-52380
Email: Heather.L.Richtarcsik@usdoj.gov

12

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the United States' Motion for Entry of Judgment by

Default Against Keith A. Sei and Motion for Summary Judgment against Janet L. Sei, the

Memorandum in Support of the United States' Motion for Entry of Judgment by Default Against

Keith A. Sei and Motion for Summary Judgment against Janet L. Sei, the Joint Statement of Material

Facts as to as to Which the United States and Janet L. Sei Contend There is No Genuine Issue, and a

Notice of Filing have been made upon the following by depositing a copy in the United States mail,

postage prepaid, this 14th day of June 2005.

> PAUL D. WEATHERHEAD
> Fernholz & Ehrlich
> 10 S. LaSalle Street
> Suite 3450
> Chicago, Illinois 60603

> KEITH A. SEI
> 2720 S. Highland Avenue, Apt. #507
> Lombard, IL 60148

*Heather L. Richtarcsik*

> HEATHER L. RICHTARCSIK
> Trial Attorney, Tax Division
> U.S. Department of Justice
> Post Office Box 55
> Ben Franklin Station
> Washington, D.C. 20044
> Telephone: (202) 307-2822
> Facsimile: (202) 514-52380
> Email: Heather.L.Richtarcsik@usdoj.gov